Wilson, J.,
delivered the opinion of the court.
This suit was commenced in the court of a justice of the peace, and there are no written pleadings. The plaintiff, *359 Mrs. Slaght, was a teacher of music. As such, she gave vocal and instrumental lessons to Mrs. Miller, one of the defendants and wife of the other defendant, and their daughter, commencing in 1898 and extending to some time in 1894. This action was on an account for the value of the services rendered, and a money judgment was rendered in favor of plaintiff both by the justice of the peace and in the county court to which it went on appeal. There was no dispute as to the amount nor value of the services. It is contended by defendants that the services were rendered under a verbal contract whereby the plaintiff agreed to receive her compensation in town lots; that in such case, before plaintiff could institute the suit which she did on quantum meruit, it was necessary that she should have first made a demand upon defendants for a compliance with their contract to convey the town lots, and that defendants should have refused; that no such demand was made, and hence the court had no right to render a money judgment.
The terms of the contract relied upon were exceedingly indefinite and uncertain, and the testimony in support of it is very vague and doubtful. According to defendants’ version of it, the lots to be conveyed were not specified to have been or to be in any particular town or locality, nor of any particular value, nor was any special number of lots required. According to plaintiff’s testimony, she was to receive two lots in Belleview, but what particular lots, or lots of what value, were not designated. Her version of it, however, seems to be based more upon her expectation growing out of casual conversation than from any special promise on the part of defendants to convey lots in that particular town. In the summer of 1894, during the vacation of the music school, there seems to have been some conversation between the parties in which plaintiff was asked by defendant if she was willing to take lots in Montclair if the lessons were continued. Her reply appears to have been as indefinite as everything else connected with this contract. It was, that it would be all right if she were given two desirable lots. Defendants admit *360 that the contract as claimed by them could not have been specifically enforced, being too indefinite in its terms to sustain an action for specific performance. If this be conceded, was any demand of performance necessary to have been made by the plaintiff ? Under the circumstances of this case as presented by the record, it would seem to be extremely doubtful. From the evidence adduced, it is difficult to determine whether or not any contract, as a contract is legally defined, Was entered into by which the lots were to be received in payment. Did the minds of the parties come into complete accord, the one consenting to exactly the same thing to which the other did ? The evidence is hardly sufficient to support such a conclusion. Suppose that the defendants had in apt time tendered to plaintiff a deed to two lots in either Montclair or Belleview, would the plaintiff have been obligated to accept it in full satisfaction of her claim without any discretion on her part, or could she have been permitted to refuse on the ground that the lots were not of sufficient value, or that they were not in the locality where she had been induced to believe the lots were to be situate ? If plaintiff could permissibly make this reply to one offer of conveyance, she might do so to a second or a third, and so on indefinitely. We suggest these questions merely for the purpose of showing the extreme difficulty of maintaining the position assumed by defendants. We do not propose to answer them, because it is not necessary to the determination of this cause. There was evidence to the effect that a demand was made by the plaintiff. She testified that in the interval of seven or eight months between the time when the parties stopped taking lessons and the commencement of this suit, she upon a number of times demanded of defendants a settlement. This was sufficient. If a demand was necessary, it was not required to be in any particular language, form or manner. It gave to defendants notice that plaintiff required them to comply with their agreements in reference to compensating her for her services, whatever those agreements may have been, and the failure of defendants to comply was a refusal. More-' *361 oyer, it may be said that defendants waived any demand. It appears that after the claim of plaintiff was placed by her in the hands of attorneys for collection, the defendants offered to convey certain lots in Montclair. These lots were incumbered, however, to the extent of several hundred dollars, and the offer was refused. This offer was a waiver of any necessity, if there was one, for a demand, and also of any right of defendants to plead a want of demand in bar of the present action. Neither can it be contended that plaintiff was under legal obligation to accept the tender of a conveyance of the incumbered lots. The fact of the incumbrance alone would have excused her from this obligation, even if the contract had been as defendants assume. Under such a contract, the obligation of defendants could have been complied with only by a tender of, or by an averment of readiness and willingness to execute a deed that would vest the complete title to the property conveyed in the plaintiff. Goodwine v. Morey, 111 Ind. 69; Croninger v. Crocker, 62 N. Y. 161.
The finding of the county court was in favor of the plaintiff. Thereafter, upon overruling a motion for a new trial, the court said, “ I have come to the conclusion that the contract was so indefinite that there was no way to enforce it except by rendering a money judgment.” Even if it be conceded that the reason which the court gave for its judgment was erroneous, it does not follow that the judgment should be reversed. McDonald v. McLeod, 3 Colo. App. 344. There may be sufficient in the record to sustain the judgment, although the reasons given for it by the court are unsatisfactory. We do not say that the reason given by the court in this instance is unsatisfactory, but we do say that there is sufficient in this record to sustain this judgment upon other grounds. The judgment was proper, was sustained by the evidence, and will be affirmed.

Affirmed.